[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2009
THOMAS K. KAHN
CLERK

No. 08-11881
Non-Argument Calendar

_____

Agency Nos. A79-309-689, A79-309-690

HARRY RICHARD TUWO,
RITA SHERLY PAUNED,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 13, 2009)

Before BLACK, CARNES, AND BARKETT, Circuit Judges.

PER CURIAM:

Harry Richard Tuwo and his wife, Rita Sherly Pauned, natives and citizens of Indonesia, seek review of the Board of Immigration Appeals' decision to dismiss their appeal of the Immigration Judge's denial of their application for asylum and withholding of removal under the Immigration and Nationality Act, INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231.[1]  The IJ found Tuwo ineligible for asylum under the one-year time bar because he filed his application for asylum over five years after he entered the United States, and he did not meet an exception to the one-year deadline.  As an alternative holding, the IJ concluded that Tuwo ineligible for asylum because neither he nor his immediate family had experienced persecution in Indonesia, and he failed to prove that any feared persecution was countrywide.  The IJ found Tuwo ineligible for withholding of removal because he had failed to meet the threshold requirements for asylum.

The BIA did not explicitly adopt the IJ's findings, so we review the BIA's decision.  Al-Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  We review legal challenges to the BIA's decision de novo.  Mohammed v. Ashcroft, 261 F.3d 1244, 1247–48 (11th Cir. 2001).  The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record

_____

[1] Pauned was a derivative claimant on Tuwo's application, so this opinion will refer to Tuwo.

considered as a whole." Al-Najjar, 257 F.3d at 1284 (quotation marks omitted).

The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. United States Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (quotation marks omitted). "[E]ven if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc).

## I.

Tuwo contends that we have jurisdiction to consider his asylum claim because the IJ made a legal error in concluding that the facts presented did not fall within the definition of changed circumstances. He does not take issue with the IJ's findings of fact or the BIA's acceptance of those facts. Instead, he argues that the IJ and the BIA ignored BIA precedent by finding that he failed to meet an exception to the one-year time bar. Therefore, he asserts that the BIA violated his constitutional right to due process, and we have jurisdiction under the Real ID Act, Pub.L.No. 109-13, 119 Stat. 231.

"We review de novo our subject-matter jurisdiction." Sanchez Jimenez v. United States Atty. Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). An alien can apply for asylum if he or she "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in

the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). However, "an [untimely] application for asylum of an alien may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified . . . ." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). Even though the BIA has authority to consider an untimely asylum application when the applicant meets an exception to the one-year deadline, "no court shall have jurisdiction to review any determination of the Attorney General under section 1158(a)(2)." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (quoting INA § 208(a)(3), 8 U.S.C. § 1158(a)(3)) (alterations and quotation marks omitted). Under § 1158(a)(3), we do not have jurisdiction to review the BIA's determinations that an asylum applicant filed an untimely application and failed to establish changed or extraordinary circumstances to excuse his untimely filing. See id. (citing Fahim v. United States Att'y Gen., 278 F.3d 1216, 1217–18 (11th Cir. 2002)).

The BIA found that Tuwo arrived in the United States on February 13, 1995 but did not take any affirmative steps to seek asylum until he filed an application dated April 20, 2001. The BIA determined that Tuwo's asylum application was

4

untimely and that no exception to the one-year filing requirement applied. The BIA's decision was based on findings of fact about evidence of Tuwo's family's situation in Indonesia as well as the country conditions. There was no error of law or due process violation. Accordingly, we lack jurisdiction to consider whether the BIA erred in this regard, and the petition for review as to Tuwo's asylum claim is dismissed.

## II.

Tuwo also contends that the BIA erred in denying his application for withholding of removal. He asserts that his life or freedom would be threatened due to a pattern and practice of persecution of Christians in Indonesia, and if he returns to Indonesia, he is likely to be singled out for persecution in the future because he is Christian. He argues that the evidence shows that Indonesian Christians are subject to religiously motivated violence in Indonesia, including killings and forced closure of churches, and law enforcement often does nothing to combat that violence.

Tuwo contends that he cannot relocate within Indonesia because there is countrywide violence against Christians, and he would face serious harm anywhere in the country. Moreover, he asserts that the government of Indonesia's failure to remedy the situation and its tolerance of these abuses indicate that internal

5

relocation is presumed unreasonable because the government is the persecutor or is at least condoning persecution.

An alien shall not be removed to a country if his life or freedom would be threatened on account of "race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). "An alien seeking withholding of removal must show that it is 'more likely than not' he will be subject to persecution based upon one of the five protected categories if returned to his country." Ruiz v. Gonzales, 479 F.3d 762, 766 (11th Cir. 2007). "This is a more stringent standard than the 'well-founded fear of persecution' standard used with regard to applications for asylum." Id. at 766 n.1 (citation omitted).

Tuwo does not allege past persecution, but he "may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country." Sanchez v. United States Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004). A well-founded fear of persecution can be established based on "specific, detailed facts showing a good reason to fear that [the applicant] will be singled out for persecution" on account of a protected ground. Al-Najjar, 257 F.3d at 1287 (emphasis omitted) (asylum context). Further, the alien must show that his fear of persecution is subjectively genuine and objectively reasonable. Id. at 1289. "An alien cannot demonstrate that he

6

more-likely-than-not would be persecuted on a protected ground if the [BIA] finds that the alien could avoid a future threat by relocating to another part of his country." Sanchez, 392 F.3d at 437.

Tuwo does not claim that he was harmed in Indonesia because of his religion or that any of his immediate family members have been harmed. The IJ found that Tuwo failed to show that he would be singled out for persecution in Indonesia and failed to show that he would be subject to countrywide persecution. The BIA accepted those findings, and substantial evidence supports them. Accordingly, we deny Tuwo's petition.

**PETITION DISMISSED IN PART, DENIED IN PART.**